UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
-----------------------------------------------------------X
WARD J. MEYER,

                                                       Civil Action No.:14-cv-208

                        Plaintiff,

                -against-                         **FIRST AMENDED VERIFIED**
                                                     **COMPLAINT AND DEMAND**
PORTFOLIO RECOVERY ASSOCIATES,           **FOR TRIAL BY JURY**
RODENBURG LAW FIRM,  and JOEL R. BOON

                        Defendants.
--------------------------------------------------------------X

      Plaintiff, Ward J. Meyer, ("Plaintiff" or "Meyer"), by and through his attorney, FREDRICK SCHULMAN & ASSOCIATES, Attorneys at Law, as and for his Complaint against the Defendants, Portfolio Recovery Associates, Rodenburg Law Firm, and Joel R. Boon ("Defendants"), respectfully sets forth, complains and alleges, upon information and belief, the following:

**PRELIMINARY STATEMENT**

1.     Plaintiff brings this action seeking damages and declaratory relief arising from the Defendants' joint and several violation(s) of §1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA").

**PARTIES**

2.     Plaintiff is a resident of the State of Minnesota, County of Isanti.

3.     At all relevant times herein, Plaintiff maintained her/his residence at this address.

1

4.  At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

5.  Defendant, Portfolio Recovery Associates is organized under the laws of the State of Delaware and authorized to conduct business in the State of Minnesota.

6.  Defendant, Portfolio Recovery Associates, has its principal place of business located at 120 Corporate Boulevard, Norfolk, VA 23541 and a registered agent located at 515 E. Park Ave., Tallahassee, FL 32301.

7.  Defendant, Portfolio Recovery Associates, informs visitors of the website that, www.portfoliorecovery.com, it "is a market leader in the consumer debt purchase and collection industry."

8.  Defendant, Rodenburg Law Firm, is law firm in the State of North Dakota with an office located at 1004 E. Central Ave, Bismarck, ND  58502.

9.  Defendant, Rodenburg Law Firm, holds itself out as being authorized to practice in the State of Minnesota on its website; www.rodenburgllp.com.

10. Defendant, Rodenburg Law Firm, also holds itself out as a debt collector in the State of Minnesota on its website, www.rodenburgllp.com, where it informs visitors of the website that it specializes in "consumer and commercial collections".

11. Defendant, Joel R. Boon, is an attorney and an employee at Rodenburg Law Firm.

12. At all relevant times herein, Defendant, Joel R. Boon, practiced law and was engaged in debt collection activity on behalf of Rodenburg Law Firm.

13. Upon information and belief, Defendants are engaged in the business of debt collection of debts incurred, and alleged to be incurred, for personal, family or household purposes, and is a collection firm.

14. Upon information and belief and at all relevant times, Defendants are "debt collectors" as the phrase is defined in 15 U.S.C. §1692a(6) of the FDCPA.

15. Defendants were attempting to collect a "debt" from the Plaintiff as that term is defined in 15 U.S.C. §1692a(2) of the FDCPA.

16. Defendants are subject to the requirements of the FDCPA.

17. Defendants knew or had reason to know that they were obligated to comply with the provisions of the FDCPA when attempting to collect a debt allegedly owed by Plaintiff.

## JURISDICTION AND VENUE

18. The Court has jurisdiction over this matter pursuant to 28 U.S.C. Sec. 1331, as well as 15 U.S.C. Sec. 1692 et. seq. and 28 U.S.C. Sec. 2201. If applicable, the Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. Sec. 1367 (a).

19. Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391 (b)(2) where the acts and transactions giving rise to Plaintiff's action occurred in this State and this district, where Plaintiff resides in this State and district, and where Defendant transacts business in this State and district.

## GENERAL FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "20" herein with the same force and effect as if the same were set forth at length herein.

21. Plaintiff allegedly incurred a debt to Chase Bank USA, account number ending in 7878, in the amount of $3,909.37 (referred to hereinafter as the "Alleged Debt").

22. The nature of the underlying debt allegedly owed by the Plaintiff is the type of debt the FDCPA was designed to regulate.

23.     In or around January, 2013, Defendant attempted to collect the Alleged Debt from Plaintiff.

24.     On or some time after January 22, 2013, fraudulent legal documents, including a summons and a complaint, were forwarded to the Isanti County Sheriff to "serve" upon the Plaintiff (See "Exhibit A" and "Exhibit B", attached hereto and incorporated herein by reference).

25.     Upon information and belief, those documents were never filed with any Court.

26.     There was no case number on any of the documents.

27.     Upon information and belief, the Sheriff was asked to "serve" the Plaintiff with a non-existent lawsuit in order to scare the Plaintiff into paying the Alleged Debt.

28.     The Sheriff's office attempted to serve the documents on the Plaintiff at Plaintiff's residence, but Plaintiff was not home at the time.

29.     The Sheriff's office called the Plaintiff and told him that they had legal documents to serve him.

30.     Plaintiff retrieved the documents from the Sheriff's office, where he was informed by the Sheriff that the papers seemed to be fraudulent.

31.     The Plaintiff called the County of Isanti District Court, as was titled on the complaint and summons, which confirmed that no case was filed against the Plaintiff.

32.      According to the Minnesota Trial Court Public Access (MPA) Remote View at www.MNcourts.gov, the County of Isanti District Court does not have any record of such suit to date.

33.     The "summons" states: "You are being sued… do not throw away these papers, they are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no file number on this summons".

34.     The "summons" further stated: "you would lose your case if you do not send a written response to the complaint to the person who signed this summons. If you do not answer within 20 days, you will lose this case".

35.     The "summons" list Defendant, Portfolio Recovery Associates, as the plaintiff in a consumer debt suit against Plaintiff,

36.     The "summons" also list Defendant, Rodenburg Law Firm, as the attorneys for Portfolio Recovery Associates, and Defendant, Joel Boon, as the signatory for Rodenburg Law Firm.

37.     The foregoing action by Defendants violated 15 U.S.C. §1692e, which prohibits the use of any false, deceptive or misleading representation or means in attempt to collect a debt.

38.     The foregoing action by Defendants violated 15 U.S.C. §1692e(2), which prohibits the misrepresentation of the legal status of the alleged debt.

39.     The foregoing action by Defendants violated 15 U.S.C. §1692e(5), which prohibits threats to take legal action that cannot be legally taken or that is not intended to be taken.

40.     The foregoing action by Defendants violated 15 U.S.C. §1692e(9) which prohibits representing documents as authorized, issued, or approved by any court

41.      The foregoing action by Defendants violated 15 U.S.C. §1692e(10), which prohibits the use of false representation and deceptive means in attempt to collect a debt.

42.     The foregoing action by Defendants violated 15 U.S.C. §1692e(11) which prohibits representing documents as legal process when they are not.

43. The foregoing action by Defendants violated 15 U.S.C. §1692f which prohibits using unfair and unconscionable means in attempt to collect a debt.

44. As a result of the Defendants' deceptive, misleading and/or unfair debt collection practices, the Plaintiff has been damaged.

45. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### FIRST CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e

46. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "45" herein with the same force and effect as if the same were set forth at length herein.

47. The Defendants' conduct violated 15 U.S.C. §1692e in that the Defendants used false, deceptive and misleading representation and means in attempt to collect a debt.

48. As a result of the Defendants' violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### SECOND CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e(2)

49. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "48" herein with the same force and effect as if the same were set forth at length herein.

50. The Defendants' conduct violated 15 U.S.C. §1692e(2) in that the Defendants misrepresented the legal status of the alleged debt.

51.     As a result of the Defendants' violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### THIRD CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e(5)

52.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "51" herein with the same force and effect as if the same were set forth at length herein.

53.     The Defendants' conduct violated 15 U.S.C. §1692e(5) in that the Defendants threatened to take action that cannot legally be taken and that it does not intend on taking.

54.     As a result of the Defendants' violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

### FOURTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e(9)

55.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "54" herein with the same force and effect as if the same were set forth at length herein.

56.     The Defendants' conduct violated 15 U.S.C. §1692e(9) in that the Defendants represented documents as authorized and issued by a court of United States.

57.     As a result of the Defendants' violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## FIFTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e(10)

58.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "57" herein with the same force and effect as if the same were set forth at length herein.

59.     The Defendants' conduct violated 15 U.S.C. §1692e(10) in that the Defendants used false representation and deceptive means in an attempt to collect the alleged debt.

60.     As a result of the Defendants' violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## SIXTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692e(11)

61.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "60" herein with the same force and effect as if the same were set forth at length herein.

62.     The Defendants' conduct violated 15 U.S.C. §1692e(11) in that the Defendants represented documents as legal process when they were not.

63.     As a result of the Defendants' violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## SEVENTH CAUSE OF ACTION—VIOLATION OF 15 U.S.C. § 1692f

64.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "63" herein with the same force and effect as if the same were set forth at length herein.

65. The Defendants' conduct violated 15 U.S.C. §1692f in that the Defendants used unfair and unconscionable means in an attempt to collect a debt.

66. As a result of the Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## DEMAND FOR TRIAL BY JURY

67. Plaintiff hereby demands a trial by jury for all claims and issues in this complaint for which the Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Ward J Meyer, demands judgment from the Defendants, Portfolio Recovery Associates, Rodenburg Law Firm, and Joel Boon, as follows:

A. For actual damages provided and pursuant to 15 U.S.C. §1692k(a)(1);

B. For statutory damages provided and pursuant to 15 U.S.C. §1692k(a)(2):

C. For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1692k(a)(3);

D. For a declaration that the Defendant's practices violated the FDCPA; and,

E. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
January 22, 2014

        Respectfully submitted,

        By: *s/ Benjamin Seward Lewis*
           BENJAMIN S. LEWIS, ESQ. (of Counsel)
        FREDRICK SCHULMAN & ASSOCIATES
        Attorneys at Law
        Attorney for Plaintiff
        30 East 29TH Street
        New York, New York 10016
        (212) 796-6053